UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA AGHAJAVADYHA,<br><br>  Petitioner,<br><br>  v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA JO BONDI, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>  Respondents. | No. 25cv3246-BTM-BJW<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>[ECF NO. 2] |

  The Petitioner has moved the Court for a temporary restraining order (TRO) releasing him pending a decision on his petition for a writ of habeas corpus. On November 24, 2025, the Court held a hearing on the motion.

  Petitioner came to the United States from Iran in 1997 or 1998. Petitioner was ordered removed in 2003 but could not be removed to Iran. He was released from custody and has been living under supervision without incident for about twenty years. About two or three years ago, Petitioner had heart surgery. Petitioner takes medication

for his heart condition and sees a cardiologist. Petitioner has a scheduled appointment with his cardiologist for December 1, 2025.

At a "check-in" with immigration officials on November 6, 2025, Petitioner was detained. Petitioner claims that Immigration and Customs Enforcement (ICE) failed to provide him an opportunity to contest his detention as required by law. Petitioner further contends that his detention is unlawful because Respondents are not likely to remove him to Iran. Petitioner also claims that Respondents may attempt to remove him to a third country without proper notice and an opportunity to challenge that removal.

Noncitizens must receive due process before being removed. *See, e.g.*, *Trump v. J.G.G.*, 145 S. Ct. 1003, 1006 (2025) (per curiam) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings." (quotation marks and citation omitted)); *Andriasian v. INS*, 180 F.3d 1033, 1041 (9th Cir. 1999) ("Failing to notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported violates both INS regulations and the constitutional right to due process."). Before being detained, ICE was required to determine that Petitioner was likely to be removed based on changed circumstances. 8 C.F.R. § 241.13(i)(2); *Tran v. Noem*, No. 25-cv-02391-BTM, 2025 U.S. Dist. LEXIS 211542, *4-9 (S.D. Cal. Oct. 27, 2025) (discussing requirements for re-detention). Petitioner was also entitled to written notice of the reasons for his re-detention. 8 C.F.R. § 241.13(i)(3); *Tran*, 2025 U.S. Dist. LEXIS 211542, *7-8. Petitioner is also entitled to a prompt interview with an open minded officer to consider Petitioner's rebuttal to detention. 8 C.F.R. § 241.13(i)(3); *Tran*, 2025 U.S. Dist. LEXIS 211542, *8-9.

In this case, after the hearing on Petitioner's TRO motion, the Government submitted the written notification provided to Petitioner on his re-detention. The Court finds that the notice is likely insufficient. Petitioner is thus likely to succeed on the merits. The written notification states in conclusory fashion that there are changed circumstances in the case.

But the notice is completely silent on what the changes are. Petitioner thus lacks notice of what the changed circumstances are warranting his re-detention. The required informal interview is thus likely to be ineffectual. After all, if Petitioner lacks notice of what the changed circumstances are, he has no ability to challenge whether the circumstances have in fact changed.

In short, the Government's conclusory assertion of changed circumstances is likely insufficient. Petitioner is likely to succeed on the merits. The petition also demonstrates that removal to Iran has historically been difficult. Petitioner has thus raised a serious, substantial question as to whether the Government is reasonably likely to remove him to Iran. Last, Respondents are certainly precluded from removing Petitioner to a third country without adequate notice and process.

Based on his serious medical condition, Petitioner has shown that he is likely to suffer irreparable harm in the absence of a TRO. The balance of hardships and equities tips heavily and sharply in Petitioner's favor, and a TRO is in the public interest. A TRO is warranted under the *Winter* factors. *See Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008). There is no evidence that Petitioner is a flight risk or a danger to the community. Petitioner appears to have complied with his conditions of supervision for about twenty years. The motion for a TRO is GRANTED.

//
//
//
//
//
//
//
//
//
//

1       The Respondents are hereby ordered to immediately release Petitioner from
2 custody on the same conditions previously imposed.  Respondents shall not remove
3 Petitioner from the United States until the Court reaches a decision on the habeas
4 petition.  Respondents shall file a status report demonstrating compliance with this Order
5 no later than November 25, 2025.

6       All pending hearing dates are vacated.  Respondents shall file a response to the
7 petition no later than December 12, 2025.  Petitioner shall file a traverse no later than
8 December 19, 2025.

9       **IT IS SO ORDERED.**

10 Dated:  November 24, 2025
11       7:08 P.M.

                                          Honorable Barry Ted Moskowitz
                                          United States District Judge