UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REZA AGHAJAVADYHA,<br><br>  Petitioner,<br><br>  v.<br><br>KRISTI NOEM, Secretary of the Department of Homeland Security; PAMELA JO BONDI, Attorney General; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; JESUS ROCHA, Acting Field Office Director, San Diego Field Office; CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center,<br><br>  Respondents. | No. 25cv3246-BTM-BJW<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

  Pending before the Court is Petitioner Reza Aghajavadyha's petition for a writ of habeas corpus.

  Petitioner was detained at a "check-in" with immigration officials on November 6, 2025. Petitioner came to the United States from Iran in 1997 or 1998. Petitioner was ordered removed in 2003 but could not be removed to Iran. He was released from custody and had been living under supervision without incident for about twenty years.

  On November 24, 2025, the Court held a hearing on Petitioner's motion for a temporary restraining order. After the hearing, the Government submitted the written

1 notification provided to Petitioner on his re-detention.  The Court found that the notice
2 was likely insufficient, that Petitioner was likely to succeed on the merits, and that the
3 remaining factors favored a TRO.  The Court ordered Respondents to release Petitioner,
4 and Respondents released Petitioner.  The Court granted Respondents until December 12
5 to respond to the petition.  Respondents did submit a return.

6       Before being re-detained, ICE was required to determine that Petitioner was likely
7 to be removed based on changed circumstances. 8 C.F.R. § 241.13(i)(2); *Tran v. Noem*,
8 No. 25-cv-02391-BTM, 2025 U.S. Dist. LEXIS 211542, *4-9 (S.D. Cal. Oct. 27, 2025)
9 (discussing requirements for re-detention).  Petitioner was also entitled to written notice
10 of the reasons for his re-detention. 8 C.F.R. § 241.13(i)(3); *Tran*, 2025 U.S. Dist. LEXIS
11 211542, *7-8.  Petitioner was also entitled to a prompt interview with an open minded
12 officer to consider Petitioner's rebuttal to detention. 8 C.F.R. § 241.13(i)(3); Tran, 2025
13 U.S. Dist. LEXIS 211542, *8-9.

14       The written notification submitted by the Government states in conclusory fashion
15 that there are changed circumstances in the case.  But the notice is completely silent on
16 what the changes are.  Petitioner thus lacked notice of what the changed circumstances
17 were warranting his re-detention.  Because Petitioner lacked notice of what the changed
18 circumstances were, he had no ability to challenge whether the circumstances have in fact
19 changed.  In short, the Government's conclusory assertion of changed circumstances was
20 insufficient.  Petitioner's re-detention was unlawful.

21       The petition for a writ of habeas corpus is granted on count one.  The petition is
22 otherwise denied as moot.  The Court retains jurisdiction to enforce the writ.

23       **IT IS SO ORDERED.**

24 Dated:  December 15, 2025

Honorable Barry Ted Moskowitz
United States District Judge